Good morning, Your Honors. May it please the Court. My name is Christina Hughes, and I represent the petitioner in this matter, Jim Rodriguez. This is my first oral argument. I would respectfully request to reserve three minutes for rebuttal. Your Honors, the petition for review in this case should be granted, and the case remanded to the Board for two primary reasons. First, substantial evidence does not support the agency's determination that a conviction under California Penal Code 245A2 is a crime involving moral turpitude. Second, the Board erred as a matter of law in its application of the heightened standard of the 212H waiver pursuant to the regulation under 8 CFR 1212.7d, which attaches to violent and dangerous crimes. Could you address the government's 20HA letter they sent us a copy of Cetharian B-Bar, which was decided about a year ago, a little over a year ago, holding that a file issue of Section 245A1 was a crime involving moral turpitude, and deferring to the BIA's decision in Wu as being an appropriate interpretation. So, it seems that if we were to agree with you, we would have to find some distinction between a 245A1 offense and a 245A2 offense. Is that right? And if so, is there any distinction? I guess, Your Honor, that is correct. And our argument here is that extending matter of Wu to 245A2 is not appropriate. The BIA must, similar to the way that Sarah remanded in the first instance for them to consider 245A1, we argue that it must be remanded again to contemplate 245A2. Specifically, there is non-turpitudinous conduct that would, there's a realistic probability that it would result in a conviction under 245A2. And so, we would argue that the BIA should address this provision specifically in the first instance. So, what is the distinction? Because 245A1 is an assault with a deadly weapon other than a firearm. So, it didn't seem like there was a distinction between the two on their face. That would make a difference for the BIA's analysis. So, help me understand what that is. Yes, Your Honor. It is the conduct such as pointing a loaded gun, waving a loaded gun, or hitting someone with a gun conduct that may be decided to be non-turpitudinous which would fall outside of the categorical approach, making it not categorically a crime involving moral turpitude. I'm not sure I understand that because the language is the same except that one is with a deadly weapon other than a firearm and the other one is with a firearm. So, how are those two statutes different in a material way? Yes, Your Honor. Counsel, could you wave a knife? I mean, a knife would be under one, right? A knife would be an assault. So, could you be convicted of assaulting somebody with a knife by waving it under one? Your Honor, I'm not prepared to answer that question. With regards, I believe that the and I, to Your Honor's point, yes, it is likely that they would come back that this is a crime involving moral turpitude which is why I believe the bigger issue in this case is the application of the heightened waiver standard. So, you're talking about the regulations interpreting 1182H, is that right? This is ACFR 1212.7 and your argument had been that that was a void for vagueness based on Johnson, isn't that right? Your Honor, that is what we argued in the brief. I believe that the case law has evolved and at this point we would concede that it's not vague and that it's not disjunctive. Our main argument here is instead that the board and its application erred as a matter of law because they made no determination that it actually was a violent and dangerous crime. So, you're no longer arguing that the regulation is void for vagueness. Is that correct? That's correct, Your Honor. Based on the way the case law has evolved, I don't believe we have an argument for vagueness. However, the argument is as addressed in both of the 28 J letters that the board failed to make a circumstance-specific determination that the crime was violent or dangerous before applying the heightened regulatory standard. The Ninth Circuit requires the board to make that determination before applying the standard. Here, neither the immigration judge nor the board looked at the facts of the case to make that determination. The IJ didn't say that the crime here was assault with a weapon. I thought that did he not make that sort of real-world comparison? It wasn't abstract, was it? Why isn't that sufficient? Yes, Your Honor. So, he did address the crime and the context of the crime involving moral turpitude, and he was very clear that he could not look behind the facts of the conviction at that point. However, he failed to look in the context of applying this regulation at the circumstances behind the conviction. In this case, it's very relevant because Petitioner credibly testified that he did not possess a firearm, did not shoot a firearm. He was in a street fight. There were multiple people involved, and his attorney advised him to plead guilty so that he would be released from jail. So, to answer your question, the immigration judge did not look at the actual circumstances in making his determination that it was a violent or dangerous crime. Are you raising this argument for the first time right here? Because I don't recall seeing that argument before. Your Honor, I believe it is implicit in our argument in the brief. It's just an extension that the board applied as a matter of law, the ROM standard. But now, today, to us, you're making the argument that the IJC error was not investigating the facts of the underlying crime that your client was convicted of. Did you make that argument before? I believe it was in terms of the BIA's application and not addressing the arguments raised in the brief on appeal. Yes. So, applying the correct standard is a matter of law, and we're not asking this court to fail to properly apply the standard and did not make any analysis or determination that it was a violent or dangerous crime. I want to understand your argument, but perhaps you can point me to the language in your brief and also, I guess, to whether you raised this before the BIA, in your brief to the BIA, so we know it's exhausted, where you think this argument is best articulated. I guess, Your Honor, the brief on appeal would be at the administrative record at 27 through 29. Your Honor, I believe it is implicit in our argument in pages 19 and 20 of our brief, the argument that we're making today about the determination of the violent and dangerous crime. Okay. I will review that. Thank you. If there are no other questions at this time, I would like to reserve the remainder of my time. All right. Thank you. Ms. Browning. Thank you, Your Honor. May it please the court, Rachel Browning for the U.S. Attorney General. Applying both board and Ninth Circuit precedent, the court should uphold the board's conclusion that petitioner's conviction for assault with a firearm is indeed a crime involving moral turpitude. In addition, because of the crime's violent and dangerous nature, the agency did not err in applying the heightened hardship standard to petitioner's waiver application. And finally, petitioner's arguments regarding how the agency weighed the hardship factors are beyond the scope of this court's jurisdiction, and so the court should deny in part and dismiss in the remaining part the petition for review. With respect to the crime involving moral turpitude, I want to point out two things for why the court should extend its deference in matter of woe to a conviction under 245A2. As Your Honor has pointed out, the only meaningful difference is that while A1 requires a deadly weapon other than a firearm, A2 specifies firearm. But if you also look to the board's reasoning in matter of woe, it states that aggravating factors, so really it comes down to the men's ray, aggravating factors establish, require one to act while being aware of the facts that make it likely that such conduct will cause great bodily injury to another. And I think that addresses the hypothetical of, you know, waving a gun around or waving a knife around. In either of those scenarios, the statute requires a level of awareness beyond negligence, beyond recklessness, that indicates that the individual should know that what they are doing is likely to cause great bodily injury or harm. And so that's, the reasoning applies in either of these subsections as to why this should be categorically a crime involving moral turpitude. And that matter of woe, the board's men's ray analysis followed this court's reasoning in United States versus Grijalva, which found that it requires, again, a mental state greater than recklessness or criminal negligence. And that the jury instructions, in fact, state that the perpetrator act willfully and that they are aware of facts that would lead a reasonable person to realize his or her act by its nature would directly and probably result in the application of force to someone and the present ability to apply such force. So, this takes it beyond a sort of a hypothetical where, you know, and for those reasons, the court found there was no realistic probability that the statute could be applied to non-turpitude in this conduct. And so, if there are no further questions, I'll just pivot over to the waiver of indemnity. Counsel, what about the sort of the questions that Judge Okuda and your opposing counsel were having about whether or not it was waived, the argument that's being made today, um, that, uh, the argument that she's making this morning? Was that, was that made? I'm trying to look through the BIA briefing and I'm not seeing it clearly, but maybe it's in there. Respect to opposing counsel, I don't believe that argument was ever made. In fact, I think we've pointed out in our brief that the petitioner hadn't appeared to question that the, that the crime was violent or dangerous in nature. The argument was simply that, that the court misapplied the statute. Um, and so, I would just point out that, no, our position would be that, that, that argument has not been properly exhausted. But secondly, counsel, the closest I can see is on AR 29. There's a paragraph lines 21 through 23 of the BR, of the BIA brief. It says, as applied in the instant case, the appellant was sentenced to the least serious violation of CPC 2245A, and as set forth above, did not even require that he use or possess the weapon or attain a conviction. So, I don't know, that's closest I can see. Is that sufficient to have not waived it? I mean, sorry, I'm looking at my, another screen. So, I believe, if I recall, the petitioner made a similar argument to the judge, which the judge interpreted, in fact, as going behind the conviction. Um, and I don't think, you know, in applying and determining whether the hardship standard should apply, the regulation doesn't specify, um, so, you know, what has to be considered or how it has to be considered. And I guess what I would say is that, even if this argument were, had been exhausted, this would be one of those, an element that would fall under the discretionary category, and what this court has said in Safarian and Torres-Valvidas, that the jurisdictional bar of 1252A2B1 extends even to the discretionary decision whether to view a crime as a violent or dangerous one. So, unless there's some really specific, you know, error of law embedded in this claim, I think what petitioner's really asking for is for the board to go back and look at things that he wants it to look at as opposed to the face of the statute itself, which is, you know, assault with a deadly weapon, which is inherently violent and dangerous. Um, so anything beyond that, I think, would go into the discretionary category that this court traditionally has stayed away from reviewing under the statute. Oh, I'm sorry. Are you arguing we don't have jurisdiction? I'm trying to understand what you're just arguing right now. What I'm saying is that if the court were determined to determine that petitioner's argument, um, that the board, essentially what she's saying, what the petitioner is saying is that the board didn't look or didn't announce what it was looking at when it determined that the crime was violent and dangerous. Our first argument is that that is not exhausted. Our second argument would be, even if it was, that falls under the discretionary, uh, under the bar to discretionary determinations. Because what this court has said in, in Valdez, in Torrance Valdez and Safarian is that the court doesn't have jurisdiction to look at the agency's decision with respect to whether a crime is violent or dangerous, such that the heightened standard applies. Unless there's a colorable legal or constitutional claim that would review, would revive jurisdiction under 1252 A2C. Yeah, it seems, counsel, it seems to me, um, the arguments that I see in, in the briefing in front of the BA, and I think the arguments in front of it, seem to me, seem to me to be more going to the fact that this is not a match. This is not a categorical match. That it's, that because this would, um, because you could be convicted under CPC 25, 254 A, um, for having just whether or not the weapon's actually used. But that's different than, it seems like that's a little bit different argument than what's being raised this morning, um, that the BIA didn't kind of back and the BIA looked at that. As I understand it, the BIA looked at that, at least in the Wu case, in, in, in the analogous, um, uh, context of not using a firearm, but some other deadly weapon and said, hey, that's, um, that doesn't matter because that would be true for a knife just as much as, that doesn't matter. It's still a categorical match. But then when it comes, but I guess the argument seems to be, but then at the point of, um, applying the heightened standard, you have to come back and look at the facts. Is that, is that how you understand the argument being made this morning? That you have to actually look at the facts of what happened in this case? Again, I don't believe this argument was exhaustive, so I'm not really. Right. I guess that's, if it's the latter, then the argument does, I'm not sure. I might agree with you if it's the latter, that, that, uh, that you're kind of have to come back and look at the facts because I'm not seeing where they're saying you have to come back and look at the facts in the briefing. Well, there has not been, I'm not aware of a case that has really gotten into what the agency has to look at before it determines whether a crime is by its nature dangerous or violent. And that's specifically because this typically falls under the discretionary, um, determination that the agency makes when it decides whether a heightened, um, hardship standard applies. Is the standard a categorical type standard, or is this, in making that, whether it's, uh, by its nature violent, is that a standard that looks at the actual facts of the crime that was done? I believe it's a standard that it could encompass either. I mean, the regulation doesn't state. It says that in, in the case of a violent or dangerous crime, the attorney general will apply this heightened standard. Um, so it's not a complete bar of relief. It just says that if you're going to apply for this waiver, um, and you've been, and you've, you know, committed a violent or dangerous crime, we're going to ask you to demonstrate a higher burden or a higher hardship, um, or severe hardship to your, you know, to you or your qualifying relatives in order to, um. And your argument is that A, the agency was never asked to do that the way it's being asked this morning, but B, even if they have been, the agency would be exercising its discretion at that point of saying, you know, whether or not, whether or not these particular facts in this case qualified or didn't qualify. Yes, that's correct. And that's why I point out in, um, in Safarian and in Torres Valdez, um, the court declined precisely to, to reach that issue, um, under 1252, um, A2B1 because that would be, that would be embedded within the agency's discretionary determination. I think it would be very hard to, you know, to sort of parse that regulation. I mean, for the, for the court to, to look at that regulation and then decide, you know, the way it's written, um, it's, it's unlike, you know, a specific ground of removability where you would, um, where there's a strict application of certain elements. Um, so, you know, and again, if the question was never put before the board or this court, I mean, we made the point in our brief that the petitioner didn't seem to dispute that the, that his, his, um, crime was violent or dangerous. He, he merely stated that the board misapplied the statute by not crediting for his 15 years, you know, the, the fact that the crime was more than 15 years old. He wanted the, um, the, uh, the statute read disjunctively and then was reading out the portion of the to further determine, um, by regulation, um, how the hardship standards were going to be applied. Can I ask you a question? Under our Ninth Circuit law, would the statute still be a crime involving moral turpitude without the aggravating factor of the firearm, the use of the firearm? Um, which portion of the statute? I mean, the statute, so all of the, so 245A, I believe every subsection involves some sort of an aggravating factor. You have either, um, a deadly weapon, you have a firearm. I'm talking about the one, the use of a firearm. So would it still be, if it was just an assault, would that still be, I mean, because here it's an assault with the use of a firearm, isn't that right? I mean, so would it still be a CMIT or CIMT without? Well, I don't believe so. I don't believe Matter of Woo didn't disturb the general proposition that simple assault, where you have a mens rea, you can have a mens rea as low as mere negligence, that that wouldn't qualify. But that's always been the case. And in fact, in Saron, the case that the Ninth Circuit remanded to the board to decide this specific issue, it was because the law had been in flux for so long. But there'd always been this, I think since, you know, the early 2000s, there have been other board decisions that says assault plus an aggravating factor will bring that over into a crime involving moral turpitude. So I don't believe Matter of Woo disturbed that finding. In this case, it's because of that aggravating factor, whether you're talking about a firearm or another kind of deadly weapon or force likely to produce great bodily injury, you know, all of those ones that are covered in 245. That those those have the aggravating factor. But without it, I don't think Matter of Woo is changing the the analysis of just general assault, or simple assault. I don't know if you know the answer to this. But you know, Mr. Rodriguez would be admissible if it wasn't for this crime involving moral turpitude conviction. Well, actually, Your Honor, the ground of inadmissibility to it that he conceded was actually for being in the United States without admission or parole. So he's so that the crime involving moral turpitude is not is not the ground of removability. It's preventing him from from or it's it's not really preventing him from eligibility either. It just goes to the waiver and what he has to demonstrate in order to get eligibility. Thank you, Judge Ikuda. Judge Van Dyke, do you have any other questions for Ms. Browning? All right, Ms. Hughes. Yes, Your Honors, I would just like to address the mischaracterization of the jurisdictional bar. We do believe that this court does have jurisdiction. It's this is not a discretionary issue that we're requesting to be reviewed. And under our tag, the Alvarez, the holder, this is a legal claim. And to distinguish the case law, Safarian and the others that the respondent has set forth in those cases, the board made some determination. And so the Ninth Circuit did not want to touch that discretionary determination. And we would not want to touch that discretionary determination. And this is a very important issue because as it was just being discussed, the respondent, if it's found that it's not a crime involving moral turpitude, would be subject to the lower standard, which is merely proving that his admission is not contrary to the national welfare, safety or security of the United States, has been rehabilitated. And so I believe that's why this issue is of utmost importance. Can you explain again or articulate what the legal issue is relating to whether this is a violent or dangerous crime? Yes, Your Honor, the board misapplied the law and did not make a determination as they were to do. And where are they required? Is there a case that lays out factors or gives direction that opposing counsel says there isn't any, it's not in the regulations and she wasn't aware of a case? Yes, Your Honor, I believe the respondent cited as well to the Cisneros v. Lynch, which is a Seventh Circuit case in their brief, which cites to Rivas Gomez v. Gonzalez. That's one case and we do have, I believe the best authority would be Mejia v. Gonzalez. In that case, they're interpreting 1212.7. Correct, Your Honor. Okay, yeah. Yes, and Mejia v. Gonzalez, we would distinguish again because the board specifically found that the crimes were both violent and dangerous, but there the court held that the board must make that determination. And these are cited in your brief? I believe so. If not, I would be happy to submit any supplemental information. Okay, so I don't see Cisneros in your brief. I apologize, Your Honor, that is in the respondent's brief, I believe. Okay. So counsel, you rely on the fact that in looking at the violent or dangerous language, our cases say that the BIA needs to, that it's not looking at something in the abstract. But is it possible that the BIA could just say, listen, if you commit a crime with a firearm, period, you know, whether you're brandishing it or shooting it or whether it's sitting in a seat beside you, that that is going to be violent or dangerous. Would that be okay? It's not clear to me why that would not be okay. I mean, it seems like you could definitely say that if you murder 12 people in the course of doing something, that's violent or dangerous, and we don't need to look at any more facts other than that. So if you can, why couldn't you do the same thing about just the fact that if you commit the crime with a firearm, that is violent or dangerous? And that's still a factually tied determination, maybe not at the level that you would want, but it's still a factually tied determination. Yes, Your Honor. This court has held, and several of the cases cited in the 28J letters, Juvenal Garcia Gonzalez, that the board applies a circumstance-specific approach. And so it must be, the court has held that the facts behind the conviction must be considered. Again, in this case, it makes all the difference. Specifically, counsel, what I'm saying is that doesn't necessarily tell us like at what level that has to consider those facts. So the fact that the board obviously considered here was the fact that the firearm was used, that how it was used, all of that, I see your point that it doesn't, it's not clear that the board considered that, but the board seems to have considered that a firearm was used. That's a fact about that happened here. Why is that not sufficient? Yes, Your Honor. They just had a brief sentence, contrary to the petitioner's condition on appeal, the heightened standard does apply. So they really, there's no insight into what the board used to make its determination. And it is important here because it's a different standard than just the categorical crime involving moral turpitude approach. Before you end, I just want to clarify, because it seems like you made a concession here during your oral argument, that you're not pursuing the vagueness issue. But I want to know, are you saying that violent or dangerous was not unconstitutionally vague as applied to others or as applied to him? Or what is the, I want to be clear about what you were saying you're no longer pursuing. Yes, Your Honor, I believe that it has been settled that it is not vague as applied to other cases. But you're still saying that it's vague? I'm sorry, and in our case as well, it would it would follow our case as well. Okay. If there are no other questions, we'll rest. All right. Thank you. The case of thank you both for your oral argument presentations, the case of Jim Eduardo Rodriguez versus Merrick Garland is now submitted.
judges: MURGUIA, IKUTA, VANDYKE